**WO**                                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Alton Foley,            ) | No. CV 08-19-PHX-SMM (LOA) |
|            Plaintiff,            ) | **ORDER** |
| vs.            ) | |
| Ms. Carlson, et al.,            ) | |
|            Defendants.            ) | |

Plaintiff Rick Alton Foley, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants to answer the Complaint.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $0.27. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

In his three-count Complaint, Plaintiff sues the following Defendants: Prison Property Officer CSO Carlson, Prison Property Officer CSO Cavalliero, and Arizona Department of Corrections Director Schriro.

In Count One, Plaintiff alleges that Defendants have retaliated against him in violation of his First and Fourteenth Amendment rights. He alleges that Defendants have refused to issue Plaintiff his mail in retaliation for his filing a grievance. He asserts that withholding his mail "does not serve any prison safety or security issues nor the operational system of the prison, staff, or prisoners." In Count Two, Plaintiff alleges that Defendants have unlawfully punished him in violation of the First and Fourteenth Amendments because they have withheld his publications as punishment for other prisoners' conduct and rule infractions. In Count Three, Plaintiff contends that Defendants have violated his First and Fourteenth Amendment rights by withholding his publications, all of which are "authorized magazines."

In his Request for Relief, Plaintiff seeks an order requiring Defendants to deliver his publications and to discontinue withholding the publications in the future, monetary damages, and his court costs and attorney fees.

Liberally construed, Plaintiff has stated claims in Counts One, Two, and Three, and the Court will require Defendants to answer the Complaint.

//
//
//

**IV.   Warnings**

    **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $0.27.

1    (3)    The Clerk of Court must send Plaintiff a service packet including the
2 Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
3 Defendants Carlson, Cavalliero, and Schriro.

4    (4)    Plaintiff must complete and return the service packet to the Clerk of Court
5 within 20 days of the date of filing of this Order. The United States Marshal will not provide
6 service of process if Plaintiff fails to comply with this Order.

7    (5)    If Plaintiff does not either obtain a waiver of service of the summons or
8 complete service of the Summons and Complaint on a Defendant within 120 days of the
9 filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the
10 action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv
11 16.2(b)(2)(B)(i).

12    (6)    The United States Marshal must retain the Summons, a copy of the Complaint,
13 and a copy of this Order for future use.

14    (7)    The United States Marshal must notify Defendants of the commencement of
15 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
16 Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The
17 Marshal must immediately file requests for waivers that were returned as undeliverable and
18 waivers of service of the summons. If a waiver of service of summons is not returned by a
19 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
20 Marshal must:

21        (a)    personally serve copies of the Summons, Complaint, and this Order upon
22    Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

23        (b)    within 10 days after personal service is effected, file the return of service
24    for Defendant, along with evidence of the attempt to secure a waiver of service of the
25    summons and of the costs subsequently incurred in effecting service upon Defendant.
26    The costs of service must be enumerated on the return of service form (USM-285) and
27    must include the costs incurred by the Marshal for photocopying additional copies of
28    the Summons, Complaint, or this Order and for preparing new process receipt and

return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 24th day of January, 2008.

_____
Stephen M. McNamee
United States District Judge